## FAXON, Inc., v. KALAMAZOO NAT. BANK & TRUST CO. et al.
### No. 6188.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1933.

Stephen A. Day, of Chicago, Ill. (Jackson, Fitzgerald & Dalm, of Kalamazoo, Mich., on the brief), for appellant.

Marvin J. Schaberg, of Kalamazoo, Mich., for appellees.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

■ Appellant, plaintiff in the court below, appeals from a decree holding that the Kalamazoo National Bank & Trust Company, since absorbed by the Bank of Kalamazoo, did not waive or lose its lien upon certain stocks and bonds, pledged as collateral security for the payment of indebtedness of one Albert Campbell, under the following circumstances: The stocks and bonds having been pledged as collateral prior to December 17, 1928, a trust agreement was entered into on that date by which the pledged securities were accepted by the bank in trust for various purposes, but without release of physical possession or of the lien which had already attached. No other question is here involved.

Section "Seventh" of the powers and duties of the trustee, as enumerated in the trust agreement, gives power to the trustee, at its election, to make advancements or borrow money in the interest of the trust estate, and for the repayment of such advances, with interest, the trustee is given a lien upon the trust estate. The section of the trust agreement relative to final distribution likewise provides for repayment of all indebtedness of the donor to the trustee bank. Under these circumstances, we are of the opinion that the record lacks substantial evidence that the bank intended to release, or by any act did release, the lien theretofore created.

■ Continuity of possession, upon which the validity of a lien primarily depends, was established. In addition, we think that it affirmatively appears from the trust agreement that both parties to such agreement intended that the bank should be secured as to all ad-

vances. This would include past loans as well as future ones. The acceptance of the trust upon such understanding did not constitute conduct on the part of the bank inconsistent with the retention of the lien, for, although the bank took the securities as trustee and under the trust agreement, it took them not only burdened by the lien, but also under an express agreement for ultimate payment from the trust estate.

The judgment of the District Court is affirmed.